**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                 v.                                         5:05-CR-446 (FJS)

**LEO MUSE and DARRELL HILLARD,**

                 **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924<br>Attorneys for the United States | **TERRENCE M. KELLY, AUSA** |
| **OFFICE OF FRANK POLICELLI**<br>10 Steuben Park<br>Utica, New York 13501<br>Attorneys for Defendant Muse | **FRANK POLICELLI, ESQ.** |
| **WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C.**<br>11 Court Street<br>Auburn, New York 13021<br>Attorneys for Defendant Hillard | **SIMON K. MOODY, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Defendants pled guilty to conspiracy to distribute heroin and possession of heroin with the intent to distribute between April 2004 and September 29, 2005, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). Prior to sentencing, the parties

disagreed about the quantity of heroin Defendants distributed during this time period. Defendants admitted to distributing between ten and twenty grams of heroin. The Government contended that Defendants distributed more than one hundred grams. In order to resolve this factual issue, the Court conducted a sentencing hearing on October 4, 2007. Based upon the credible testimony at that hearing, the Court found by a preponderance of the evidence that Defendants were responsible for distributing at least 100, but not more than 400, grams of heroin during the period charged in the Indictment. Over Defendants' objections, the Court held that the preponderance standard was appropriate for a finding of drug quantity under the Sentencing Guidelines. The following discussion identifies the legal principles upon which the Court based its determination.

## II. DISCUSSION

A district court may make factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence. *See United States v. Salazar*, 489 F.3d 555, 557 (2d Cir. 2007) (holding that the district court's ability to resolve disputed facts at sentencing by a preponderance of the evidence survives *United States v. Booker*, 543 U.S. 220 (2005)); *see also United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005). Defendants contend, however, that the Court must find drug quantity beyond a reasonable doubt because drug quantity is an element of the crime under § 841.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2001), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." *Id.* at 490. The *Apprendi* Court recognized the danger that a defendant could be exposed "to a greater punishment than that authorized by the jury's guilty verdict[.]" *Id.* at 494. However, the *Apprendi* Court made clear that its decision did not affect the ability of judges "to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment *within the range* prescribed by statute." *Id.* at 481. Thus, *Apprendi* did not affect the sentencing court's authority to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence. *See id.* at 494; *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005). The relevant consideration, then, is whether a finding of fact at the sentencing phase has the potential to elevate a sentence above the statutory maximum.

> As the Supreme Court has stated,
>
> > the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

In *United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001), the Second Circuit held that, for the purposes of considering whether quantity of drugs is an element of the crime under 21 U.S.C. § 841, the statutory maximum is twenty years. *See id.* at 660 n.2.[1] The court reasoned that twenty years was appropriate because, although § 841(b) prescribes differing maximum

---

[1] The statutory maximum is thirty years where defendants have prior felony convictions. *See* 28 U.S.C. § 841(b)(1)(C).

sentences, § 841(b)(1)(C) prescribes a maximum of twenty years for a crime involving an *unspecified* amount of drugs. *See id.*

In *Thomas*, the defendant was convicted of conspiracy to distribute cocaine and crack-cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1). *See id.* at 659. The district court sentenced the defendant to imprisonment for 292 months pursuant to § 841(b)(1)(A) after finding that the amount of drugs warranted the enhanced sentence. *See id.* The Second Circuit vacated the defendant's sentence, holding that, because the quantity of drugs elevated the sentence fifty-two months beyond the statutory maximum of twenty years, it was an element of the offense under § 841 "that must be charged in the indictment and submitted to the jury for its finding beyond a reasonable doubt." *Id.* at 673.

The Second Circuit later reaffirmed *Thomas* in *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005). *See also United States v. Outen*, 286 F.3d 622, 635 (2d Cir. 2002). In *Gonzalez*, the defendant pled guilty to conspiracy to distribute crack cocaine pursuant to § 841(b)(1)(A); however, he did not admit to the quantity of drugs involved. *See Gonzalez*, 420 F.3d at 114-15. After conducting a sentencing hearing at which it found an amount sufficient to trigger a mandatory minimum of twenty-years imprisonment under § 841(b)(1)(A), the court sentenced the defendant to the twenty-year minimum sentence. *See id.* at 119-20. The defendant asserted that this finding was improper because drug quantity is an element of the crime and he did not admit to that quantity. In response, the Government argued that the twenty-year sentence did not run afoul of *Apprendi* because it was still below the statutory maximum contained in § 841(b)(1)(C), which in that case was thirty years due to the defendant's prior felony conviction. *See id.* at 125. The Second Circuit rejected the Government's argument, holding that quantity of

drugs is an element of § 841 regardless of whether the actual sentence imposed was below the statutory maximum. *See id.* at 129. As the mandatory minimum sentences increase under the various categories within § 841(b), there is a concomitant increase in the statutory maximum sentences. *See id.* Therefore, the court looked not to the actual sentence imposed but to the increased sentence range that "'raise[d] the limit of the possible federal sentence . . . .'" *Id.* (quotation omitted).

Despite the *Gonzalez* court's general assertion that drug quantity is an element of the crime under § 841, Defendant Muse's reliance on that case is misplaced. In *Gonzalez*, the defendant pled to conspiracy to distribute cocaine under § 846 and § 841(b)(1)(A) without allocuting to drug quantity. Since drug quantity is unquestionably an element of the aggravated drug offenses listed under § 841(b)(1)(A) because it exposes a defendant to a higher sentence range than he would have received under § 841(b)(1)(C), the defendant's guilty plea was defective. In the present case, however, Defendants specifically pled to conspiracy and possession with intent to distribute under § 841(b)(1)(C). This confines the Court to a zero-to-thirty-year statutory sentence and precludes it from broadening the sentencing range under other categories within § 841(b). Therefore, on these facts, drug quantity is not an element of the crime but only a factor in the Sentencing Guidelines calculation. Since the Court sentenced Defendants pursuant to the Sentencing Guidelines within the zero-to-thirty-year range under § 841(b)(1)(C), the Court was not required to make its findings using a reasonable doubt standard.

## III. CONCLUSION

After carefully considering the evidence adduced at the sentencing hearing, the Pre-sentence Investigation Report, the Sentencing Guidelines, the parties' submissions, oral arguments, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that, under the circumstances of this case, Defendants' request that the Court apply the "beyond a reasonable doubt" standard to determine the quantity of heroin they distributed during the relevant time period is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall attach this Order to the Statement of Reasons.

**IT IS SO ORDERED.**

Dated: March 7, 2008
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge